IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**HENRY JOSEPH JAQUEZ,** )
)
         Plaintiff, )
)
v. )   No. CIV 23-096-RAW-GLJ
)
**CHEROKEE COUNTY** )
**SHERIFF'S DEPARTMENT, et al.,** )
)
)
         Defendants. )

## OPINION AND ORDER

On April 17, 2023, Plaintiff Henry Joseph Jaquez, a pro se former prisoner, filed an amended civil rights complaint in this action pursuant to 42 U.S.C. § 1983. (Dkt. 10). The amended complaint raises claims arising from incidents that allegedly occurred while Plaintiff was a pretrial detainee at the Cherokee County Detention Center in Tahlequah, Oklahoma. (Dkt. 1 at 2). The remaining defendants in this action are the Cherokee County Sheriff's Department; Jason Chennault, Cherokee County Sheriff; Derrick Grant, Cherokee County Jail Captain; and Rachel Dallis, Appointed Attorney.[1] For consideration in this Opinion and Order are motions to dismiss by Defendants Dallis and the Cherokee County Sheriff's Department. (Dkts. 41, 64).

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] On November 15, 2023, the Court granted Plaintiff's motion to voluntarily dismiss Defendant Johnny Dallis from this action. (Dkt. 51).

**Plaintiff's Allegations**

Plaintiff alleges in his amended complaint that on February 15, 2023, he was sexually harassed and sexually assaulted by his appointed attorney, Rachel Dallis, at the Cherokee County Courthouse. Defendant Dallis allegedly approached Plaintiff "in a [b]lack see through mini skirt," with her panties visible and her breast exposed. Plaintiff claims Dallis took him into a conference room in the courthouse and made comments that "she was the best, if [Plaintiff] wanted her." Dallis' breast allegedly was exposed and her skirt was pulled up, exposing her vaginal area. Plaintiff asserts he told her he did not want her, but she grabbed toward the lower region of his body. He claims he ran out of the conference room, yelling, "No!" with Dallis chasing him. (Dkt. 10 at 4, 7).

Plaintiff asserts that after the alleged incident with Dallis, he completed a Sheriff's Office report on February 17, 2023, at the Delaware County Jail. A copy of the report was forwarded by fax or email to the Cherokee County Sheriff's Department. Plaintiff also filed a Prison Rape Elimination Act (PREA) report about the incident and filed three grievances and a medical request on the kiosk at the Delaware County Sheriff's Office. He received responses with notations of "Acknowledged" and "This issue has been addressed." (Dkt. 10 at 5, 8).

On March 6, 2023, Plaintiff was returned to Cherokee County District Courthouse and was advised by the judge in open court that he should not have filed a complaint against Ms. Dallis, and consequently all of his pro se motions were denied. Ms. Dallis allegedly stood by, laughing and taunting him by making faces at him in court. (Dkt. 10 at 8).

Plaintiff further claims that after the court hearing, the Cherokee County Sheriff's Department, Defendants Sheriff Chennault, Captain Derrick Grant, and other officers put Plaintiff in a narrow stairway and started physically attacking him while he was in full body restraints. The

2

officers said, "You think you can talk to our Judges and attorney any old way." The officers then grabbed plaintiff by his leg shackles and dragged him down a flight of stairs, hitting his head and chest on about six stair steps. (Dkt. 10 at 8). The officers allegedly used excessive force to place Plaintiff in a transport van. He asserts he received severe injuries all over his body, and he had to be transferred to the emergency room in Grove, Oklahoma, for X-rays and a CT scan. (Dkt. 10 at 9).

**Standard of Review**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

**Defendant Rachel Dallis**

Defendant Dallis has filed a motion to dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted. (Dkt. 41). She asserts she was appointed to represent Plaintiff in Cherokee County District Court Case No. CF-2022-120. She maintains she is

3

not a governmental organization acting under color of law, and she did not violate Plaintiff's constitutional rights under section 1983. Dallis further alleges Plaintiff's allegations are not credible, and that at the time of the alleged incident, Plaintiff was in custody at the courthouse, surrounded by courthouse staff, District Attorney's Office staff, and Cherokee County Sheriff's deputies.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Harris v. Champion*, 51 F.3d at 901, 909 (10th Cir. 1995) (holding that appointed defense counsel, employed by OIDS and engaged in traditional lawyer functions as counsel to a defendant in a criminal proceeding, do not act under color of state law). Therefore, Defendant Dallis' motion to dismiss Plaintiff's allegations against her for failure to state a claim (Dkt. 41) is granted.

**Cherokee County Sheriff's Department**

Plaintiff alleges the Cherokee County Sheriff's Department is responsible for carrying out the policies and procedures under the PREA. He has sued the Sheriff's Department, because it allegedly violated the PREA's policy of zero tolerance regarding retaliation over Plaintiff's allegations against Rachel Dallis. (Dkt. 10 at 9). The Cherokee County Sheriff's Department has filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. 64).

After careful review, the Court finds Plaintiff has not demonstrated why this governmental sub-unit is a suable entity. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B).

Courts in this circuit have repeatedly determined that local police and sheriff's departments do not have legal identities apart from the municipalities or counties they serve. *See, e.g., Powell v. Bd. of Cty. Comm'rs of Okla. Cty.*, No. CIV-18-294-D, 2019 WL 2167420, at *3 (W.D. Okla. May 17, 2019) (unpublished) ("Because the [Oklahoma County Detention Center] and the Sheriff's Department do not have legal identities separate from that of Oklahoma County, they are not suable entities and are not proper defendants in a civil rights action.") (citing *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and a county sheriff's department, noting that defendants were "not legally suable entities"). *See also Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (unpublished) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 action"). Therefore, the Cherokee County Sheriff's Department's motion to dismiss (Dkt. 64) is granted.

**ACCORDINGLY,**

1.     Defendant Rachel Dallis' motion to dismiss for failure to state a claim (Dkt. 41) is granted.

2.     Defendant Cherokee County Sheriff's Department's motion to dismiss for failure to state a claim (Dkt. 64) is granted.

3.     Plaintiff's motion for default judgment against Defendant Cherokee County Sheriff's Department (Dkt. 68) is denied as moot.

4.     Defendant Cherokee County Sheriff's Department's motion for confession of judgment (Dkt. 70) is denied as moot.

5.     Plaintiff's motion to strike Defendant Cherokee County Sheriff's Department's

motion for confession of judgment (Dkt. 72) is denied as moot.

**IT IS SO ORDERED** this 9th day of October 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE