IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

HENRY JOSEPH JAQUEZ,

    **Plaintiff,**

v.

JASON CHENAULT, et al.,

    **Defendants.**

Case No. 23-CV-096-RAW-GLJ

## OPINION AND ORDER

Plaintiff Henry Joseph Jaquez, appearing pro se and proceeding *in forma pauperis*, initiated this federal civil rights action pursuant to 42 U.S.C. § 1983 on March 15, 2023. Dkt. No. 1. For the reasons discussed herein, the Court dismisses Plaintiff's action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

On November 21, 2024, the Court scheduled a telephonic status conference and directed Plaintiff to provide his telephone number. Dkt. No. 80. The Court conducted the conference on December 3, 2024, but Plaintiff failed to appear. Dkt. No. 81. That same date, the Court directed the Clerk of Court to issue new civil summons for the remaining named defendants in this action, Jason Chenault and Derrick Grant, and directed Plaintiff to effect service of process within sixty (60) days. Dkt. No. 82. The Clerk of Court sent Plaintiff two USM-285 forms and directed Plaintiff to complete the forms and return them to the Court Clerk's Office within ten (10) days. Dkt. No. 83. Plaintiff, however, failed to return the USM-285 forms or demonstrate compliance with the Court's December 3, 2024, Order by the date prescribed. There is no indication on the docket that Plaintiff did not receive these orders.

Accordingly, on April 2, 2025, the Court directed Plaintiff to show cause in writing why this matter should not be dismissed for failure to prosecute and failure to comply with a court order. Dkt. No. 84. The Court advised Plaintiff that failure to show cause as directed would result in dismissal of the action. *Id.* at 1. The Court mailed the Order to Plaintiff at his address of record. On April 14, 2025, however, the mail was returned to the Court marked "Return to Sender; Not Deliverable as Addressed; Unable to Forward." Dkt. No. 85-1. Pursuant to Local Civil Rule 5.6(a), Plaintiff is required to notify the Court of any address changes. LCvR 5.6(a). As of this date, Plaintiff has failed to return the USM-285 forms, comply with the Court's Orders of December 3, 2024, and April 2, 2025, or submit a notice of change of address.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with . . . a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Sup. Ct. of U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (internal quotation marks omitted); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court may "enter [the] order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted). However, where, as here, "a dismissal without prejudice [would] have the practical effect of a dismissal with prejudice" due to the expiration of the applicable statute of limitations, the Court must consider certain criteria. *Id.*; *see Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 534 (10th Cir. 2017). "[T]hese criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (internal quotation marks omitted).

The Court finds that all five factors support dismissal. Defendants have suffered actual prejudice from the delay and uncertainty caused by Plaintiff's failure to prosecute. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (recognizing plaintiffs "prejudiced the [d]efendants by causing delay and mounting attorney's fees"). Plaintiff's failure to participate in the status conference, respond to Court orders, or advise the Court and Defendants of his current address has caused significant interference with the judicial process, as the Court is unable to "achieve [an] orderly and expeditious disposition" of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 631 (1962); *see Jones*, 996 F.2d at 265 (finding interference with the judicial process where the plaintiffs "repeatedly ignored court orders and thereby hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party"). As to Plaintiff's culpability, Plaintiff has not provided the Court with any explanation for these failures, and Plaintiff "bore responsibility for his inability to receive the court's filings based on his failure to notify the court of his correct address." *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999)).

The Court advised Plaintiff in its April 2, 2025, Order that the failure to show cause would result in the dismissal of the action. Dkt. No. 84, at 1. Finally, the court finds that no lesser sanction would prove effective. The Court has had no correspondence from Plaintiff in nearly a year and cannot predict when Plaintiff may provide a current address such that this case may proceed. Under these circumstances, and in light of Plaintiff's unresponsiveness to Court orders, the Court concludes lesser sanctions would not effectively deter further misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Faircloth*, 758 F. App'x at 662 (holding the district court "reasonably concluded" that "no lesser sanction would

have been effective" where the court "had been unable to receive a response from [the plaintiff] and had no way of learning where [the plaintiff] was or when he would disclose his new address"); *see also Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (finding no abuse of discretion where district court determined "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*").

## CONCLUSION

Having considered the pertinent factors, the Court concludes that "dismissal alone [will] satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918. The Court therefore dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's action is **dismissed** under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with Court orders and Local Civil Rule 5.6(a). A separate judgment of dismissal shall be entered in this matter.

IT IS SO ORDERED this 16th day of April, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

3